## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

GORDON S. HARPER,                )
                                 )
        Plaintiff,               )
                                 )
        v.                       )          CIVIL ACTION
                                 )          FILE NO. _____
WILCOX COUNTY, GEORGIA;          )                    5:13-CV-282
MICHAEL COREY RAMIREZ,           )
INTERIM SHERIFF OF WILCOX        )
COUNTY, GEORGIA, WILLIAM         )          **Jury Trial Demanded**
RYDER, DEPUTY SHERIFF,           )
WILCOX COUNTY; CITY OF           )
ROCHELLE, GEORGIA; CODY          )
BEECHER, CHIEF OF POLICE, CITY   )
OF ROCHELLE, GEORGIA;            )
INDIVIDUALLY AND IN HIS OFFICIAL )
CAPACITY; MICHAEL MCDUFFIE,      )
CITY OF ROCHELLE POLICE          )
DEPARTMENT;                      )
                                 )
        Defendants.              )

## COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS AND PERSONAL INJURY

Plaintiff, Gordon S. Harper ("Plaintiff" or "Harper"), brings this Complaint

against Defendants Wilcox County, Michael Corey Ramirez, former interim

Sheriff of Wilcox County; William Ryder, Deputy Sheriff of Wilcox County; The

City of Rochelle, Georgia; Cody Beecher, Chief of Police, City of Rochelle,  and

Officer Michael McDuffie, City of Rochelle Police Department, and states the following claims for relief:

## THE PARTIES, JURISDICTION AND VENUE

### 1.

Plaintiff is a resident of Wilcox County.

### 2.

Wilcox County is a Georgia county. Ordinarily, Georgia sheriffs, as elected constitutional officers, have the sole responsibility to hire and fire employees and to direct and control their duties and daily activities. Since, however, Defendant Ramirez was not an elected sheriff at the time of the events addressed in this action, and since it is not known whether employees of the Wilcox County Sheriff had been placed in Wilcox County's civil service system, which would place personnel authority with the county, Wilcox County may be liable for all or part of the wrongful acts alleged against Defendants Ryder and Ramirez. *See Halliburton v. Peach County Sheriff's Dept.,* 2012 U.S. Dist. Lexis 137884 (N.D. Ga. 2012). Wilcox County may be served with process by service upon Wilcox County's Chief Executive Officer, as provided by Fed. R. Civ. 4 (j)(2), or through the waiver of service provisions of Fed. R. Civ. P. 4 (d).

3.

At the time of the events addressed in this action, Defendant Michael Corey Ramirez is believed to have been the interim Sheriff of Wilcox County, Georgia. Mr. Ramirez was not an elected constitutional officer, but is believed to have been appointed by the Wilcox County Probate Court to fill the unexpired term of the former sheriff after he had been indicted for assault upon an inmate in the Wilcox County jail. As the interim sheriff, Defendant Ramirez assumed the authority to direct and control the duties and daily activities of persons, including sworn deputies, employed by the Wilcox County Sheriff's Department. *Ga Const.* Art IX, §1, ¶ 3; *see Grech v. Clayton County,* 335 F.3d 1326, 342 (11th Cir. 2003). Defendant Ramirez is believed to be a resident of Wilcox County, and may be served with process at the Wilcox County Sheriff's Department, 126 Main Street, East Abbeville, GA 31001, or through the waiver of service provisions of Fed. R. Civ. P. 4 (d).

4.

At the time of the events addressed in this action, Defendant William Ryder is believed to have been employed by Defendant Ramirez as a sworn deputy sheriff at the Wilcox County Sheriff's Department. *See Murdock v. Cobb County,* 2013 U.S. Dist. Lexis 70203 (N.D. GA. 2013). In his capacity as a sworn deputy,

Defendant Ryder was responsible for performing his responsibilities in compliance with applicable federal and state laws, as well as the ordinances, regulations, customs, and usages of the State of Georgia and Wilcox County.  Defendant Ryder is believed to be a resident of Wilcox County, and may be served with process at the Wilcox County Sheriff's Department, 126 Main Street, East Abbeville, GA 31001, or through the waiver of service provisions of Fed. R. Civ. P. 4 (d).

5.

Defendant, City of Rochelle, is a municipal corporation, organized and existing under the laws of the State of Georgia.  The City may be served with process through service upon its Mayor, James Rhodes, at 410 Stephens Street, Rochelle, GA 31079, or through the waiver of service provisions of Fed. R. Civ. P. 4 (d).

6.

At all times relevant to the events addressed in this action, Defendant Cody Beecher was the Chief of Police of the City of Rochelle.  In his capacity as Chief of Police of the City of Rochelle, Defendant Beecher had the final decision making authority to direct and control the duties and daily activities of City of Rochelle police officers, including their authority to make arrests and maintain custody of individuals placed under arrest.  Defendant Beecher is believed to be a resident of

Wilcox County, and may be served with process at the City of Rochelle Police Department, 410 Stephens Street, P.O. Box 156, Rochelle, GA, 31079, or through the waiver of service provisions of Fed. R. Civ. P. 4 (d). Defendant Beecher is named as a Defendant in his individual capacity and in his official capacity as Chief of Police of City of Rochelle at the time of the events addressed in this action.

7.

At the time of the events addressed in this civil action, Defendant Michael McDuffie is believed to have been a sworn police officer employed by the City of Rochelle.  In his capacity as a police officer, Officer McDuffie was responsible for policing the City in compliance with applicable federal and state laws, as well as the ordinances, regulations, customs, and usages of the State of Georgia and the City of Rochelle.  Defendant  McDuffie, and may be served with process at the City of Rochelle Police Department, 410 Stephens Street, P.O. Box 156, Rochelle, GA, 31079, or through the waiver of service provisions of Fed. R. Civ. P. 4 (d).

8.

Wilcox County was served with an Ante Litem Notice as required by O.C.G.A. § 36-33-5 on September 28, 2012.  A true and correct copy of that Ante Litem Notice is also attached to this Complaint as Exhibit "A."

9.

The City of Rochelle was served with the same Ante Litem Notice, as required by O.C.G.A. § 36-33-5, on September 28, 2012.  A true and correct copy of the Ante Litem Notice, as referenced above, is attached to this Complaint as Exhibit "A."

10.

On October 22, 2012, in response to Plaintiff's Ante Litem Notice, the City sent a letter to Plaintiff's counsel in which it denied any involvement in Plaintiff's stop, arrest, or incarceration on June 16, 2012, and refused to accept responsibility for the incident giving rise to this lawsuit.  A true and correct copy of the City's October 22, 2012 letter to Plaintiff's counsel is attached to this Complaint as Exhibit "B."   Neither Wilcox County nor the Sheriff of Wilcox County has responded to Plaintiff's Ante Litem notice.

11.

As this civil action is brought to address alleged violations of the constitution and laws of the United States, this court has subject matter jurisdiction over these claims under 28 U.S.C. §§ 1331 and 1343.

12.

The court has supplemental jurisdiction over Plaintiff's claims stated under state law pursuant to 28 U.S.C. § 1367(a).

13.

Venue is proper in this court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

14.

On the evening of June 16, 2012, Plaintiff was stopped in Wilcox County by Defendant McDuffie, with the assistance of Defendant Ryder, for a purported failure by Plaintiff to maintain his lane of travel.  After he was stopped, Plaintiff was accused by these Defendants of driving under the influence of alcohol, and/or cocaine, and with possession of cocaine.  However, a field sobriety test conducted by Defendants McDuffie and Ryder of the Plaintiff at the time he was stopped showed that Plaintiff was not under the influence of alcohol or any other drug or controlled substance.  Moreover, Plaintiff did not possess any drug or controlled substance.  The cocaine arguably possessed by Plaintiff was actually residue from drywall compound on Plaintiff's clothing, and in his pockets, from Plaintiff's work.

15.

After he was stopped, Plaintiff was seized and placed under arrest by Defendants McDuffie and Ryder.

16.

After Plaintiff had been placed under arrest, he was transported by Defendants Ryder and McDuffie to the Wilcox County jail and was incarcerated.

17.

After Plaintiff was placed in jail, he was held there for a period of thirty-three days without any determination of probable cause for Plaintiff's arrest ever having been made, and without otherwise being allowed to post bond.

18.

On July 20, 2012, Plaintiff was released from his imprisonment in the Wilcox County jail, and charges against him were dismissed.

## PLAINTIFF'S FIRST CLAIM FOR RELIEF
## 42 U.S.C. § 1983 – Violation of Civil Rights: Unlawful Seizure

19.

Plaintiff had a right under the Fourth Amendment to the United States Constitution to be free from unlawful arrest and imprisonment.

20.

It was clearly established at the time of Plaintiff's arrest and detention on June 16, 2012 that a citizen had a right to be free from arrest by law enforcement officers without probable cause to effect the arrest.

21.

At the time he participated in the arrest and detention of Plaintiff on June 16, 2012, Defendant McDuffie was engaged in his official duties as a City of Rochelle police officer, and was acting under the authority of the statutes, ordinances, regulations, customs, and usages of the State of Georgia and the City of Rochelle, and within the scope of his employment as a City of Rochelle police officer.

22.

At the time he participated in the arrest and detention of Plaintiff on June 16, 2012, Defendant Ryder was engaged in his official duties as a deputy of the Wilcox County Sheriff's Department, and was acting under the authority of the statutes, ordinances, regulations, customs and usages of Wilcox County and the State of Georgia, and within the scope of his employment as a Wilcox County deputy.

23.

As a matter of constitutional procedure, a person arrested without a warrant must promptly be brought before a neutral judicial hearing officer for a determination of probable cause for the arrest

24.

Defendants' arrest of Plaintiff on June 16, 2012, and their subsequent imprisonment of Plaintiff for a period of thirty three days after Plaintiff's arrest without legal process,  amounted to violations of Plaintiff's rights under the Fourth Amendment to be free from unlawful seizure and imprisonment because no reasonable officer in Defendants' positions would have believed that there was any basis to effect a lawful arrest of the Plaintiff, under the known circumstances, nor any basis to thereafter imprison Plaintiff for a period of thirty three days without legal process, and without any determination of probable cause.

25.

As a direct and proximate result of Defendants' violations of Plaintiff's rights under the Fourth Amendment, leading to Plaintiff's unlawful arrest and detention, Plaintiff was caused to suffer the loss of his liberty interests, the loss of his employment, and sustained physical and emotional injury.

26.

As a direct and proximate result of Defendants' violations of Plaintiff's rights under the Fourth Amendment, Plaintiff was further caused to suffer lost income and lost employment opportunities.

## PLAINTIFF'S SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983 (Monnell Liability)

27.

Each city and county officer takes an oath of office in which he or she swears to protect and defend the Constitutions of the United States and the State of Georgia.

28.

Each city and county officer, and each officer's superior officer who has the final decision-making authority over the officer's performance of his or her sworn duties, has taken an oath that he or she will not engage in the restraint, or arrest in detention of persons without probable cause.

29.

To protect the fundamental right of citizens and others to due process of law, once a person is placed under arrest without a previous determination of probable cause, municipal law enforcement, whether city or county, must have procedures

in place to provide those persons with a prompt determination of probable cause to ensure that a legitimate reason exists for being placed in custody.

30.

Municipal law enforcement, through its final decision makers, have assumed a duty to take appropriate remedial action against any sworn officer who violates the constitutional rights of persons by engaging in the unlawful arrest and detention of those persons.  Otherwise, the city and county also act to violate the constitutional rights of those persons to be free from unlawful arrest and detention.

31.

At the time of the occurrence at issue, it was well known by Officer McDuffie and his superior officers, and by Defendant Ryder and his superior officers, that it was unlawful and unconstitutional for a sworn officer to arrest and detain a citizen without probable cause.

32.

It was likewise well known to these Defendants that it was unlawful and unconstitutional for them to detain a person placed under arrest without a warrant for an unreasonable period of time without providing the arrested person with a hearing before a neutral judicial officer to determine probable cause.

12.

33.

Upon information and belief, the City of Rochelle and the Wilcox County Sheriff's Department have developed a persistent practice of allowing their sworn officers to violate established policies and procedures without remedial or disciplinary action. Further, the Defendants have been deliberately indifferent to wrongful arrests and detentions by failing to enforce policies, failing to properly train, failing to properly discipline, and creating a culture within city and county law enforcement wherein violating the civil rights of citizens was not only tolerated, but encouraged. These Defendants' condonation of such practices was instrumental in creating an environment of rogue law enforcement practices by their respective officers, thereby allowing for the deprivation of Plaintiff's civil rights.

34.

Without regard to Plaintiff's beliefs concerning the supervisory neglect and indifference of these Defendants, it was so clearly established in June, 2012 that a person placed under arrest must be provided a prompt determination of probable cause as a condition to further restraint of liberty, *See* O.C.G.A. § 17-4-40, *Lambert v. McFarland,* 612 F.Supp. 1252 (N.D. Ga. 1989), that the detention of Plaintiff for a period of thirty-three days without a determination of probable cause

reflects a policy by Defendants of deliberate indifference to Plaintiff's constitutional right to be free from unlawful detention.

35.

In failing to properly train, monitor, supervise, and discipline their law enforcement officers, Defendants Ramirez and Beecher, directly and proximately caused Plaintiff to be deprived of his civil rights, his liberty, his loss of employment, and caused Plaintiff to sustain his physical and emotional injuries, as described in Plaintiff's First Claim for Relief in this action.

36.

The Defendants' custom or policy of condoning the use of unlawful arrest and detention by its officers was the moving force behind the arrest of the Plaintiff on June 16, 2012, his subsequent unlawful detention, and Plaintiff's injuries and damages as set for in Plaintiff's First Claim for Relief.

37.

The facts alleged in this action further show that the need for a policy and appropriate training of law enforcement officers at the Wilcox County Sheriff's Department and the City of Rochelle in effecting lawful arrests and in detaining persons placed under arrest is so obvious that it can be inferred that the official policymakers were deliberately indifferent to that need.

14.

## PLAINTIFF'S THIRD CLAIM FOR RELIEF
### State Law: False Arrest

38.

Defendants' arrest of Plaintiff of June 16, 2012 was without probable cause.

39.

Defendants' arrest of Plaintiff on June 16, 2012 was malicious in that there was no reason for Plaintiff's arrest other that the Defendants' personal spite or general disregard for the rights of persons who the arresting officers and their supervisors are sworn to protect.

40.

As previously alleged, Plaintiff was caused to suffer physical injury, emotional injury, and the loss of his freedom because of his false arrest.

41.

Defendants Ryder and McDuffie are liable to Plaintiff all damages Plaintiff sustained as a result of Plaintiff's false arrest.

42.

As alleged in paragraph 3 and 6 of the Complaint, the arresting officers were acting as sworn officers of their respective jurisdictions at the time of the arrest of Plaintiff.  Defendants' employers are thus jointly and severally liable to Plaintiff for false arrest.

15.

## PLAINTIFF'S FOURTH CLAIM FOR RELIEF
### State Law: False Imprisonment

43.

As alleged in paragraph 15 of this Complaint, after Plaintiff had been unlawfully arrested by Defendants Ryder and McDuffie on June 16, 2012, Plaintiff was placed in the Wilcox County jail and held there until July 20, 2012 when he was released and all charges against Plaintiff were dismissed.

44.

Defendants' incarceration of Plaintiff for thirty-three days without ever providing Plaintiff with a hearing to determine probable cause for Plaintiff's arrest and confinement amounts to false imprisonment under Georgia law.

45.

As previously alleged, Plaintiff was caused to suffer physical injury, emotional injury and the loss of his freedom because of his false imprisonment.

46.

Defendants are liable to Plaintiff, jointly and severally, for Plaintiff's damages sustained on account of their false imprisonment of Plaintiff.

## PLAINTIFF'S FIFTH CLAIM FOR RELIEF
### State Law: Assault and Battery

47.

Defendants' unjustified and unlawful seizure and arrest of Plaintiff amounts to a malicious and deliberate assault and battery of Plaintiff's person.

48.

The individual Defendants' apprehension and arrest of Plaintiff was done with actual malice and with the intent to injure Plaintiff.

49.

As a direct and proximate result of the individual Defendants' intentional assault and battery of Plaintiff, Plaintiff was caused to suffer physical and emotional injuries including the loss of his freedom to come and go as Plaintiff desired.

50.

Defendants are liable to Plaintiff, jointly and severally, for all damages Plaintiff sustained on account of Defendants' assault and battery upon Plaintiff's person.

**PLAINTIFF'S SIXTH CLAIM FOR RELIEF**
**State Law: Intentional Infliction of Emotional Distress**

51.

Defendants intentional conduct in seizing Plaintiff with no probable cause, and then in arresting Plaintiff and placing Plaintiff in jail for a period of thirty three days was reckless and wanton.

52.

Such unlawful conduct by Defendants was extreme and outrageous to any person of reasonable sensibilities.

53.

Such conduct by Defendants has caused Plaintiff severe emotional distress.

54.

Defendants are liable to Plaintiff, jointly and severally, for having inflicted emotional distress upon Plaintiff as a result of their extreme and outrageous conduct.

## PLAINTIFF'S SEVENTH CLAIM FOR RELIEF
### State Law: Negligence

55.

The City of Rochelle and Wilcox County's negligence in failing to properly train or discipline Defendants McDuffie and Ryder directly and proximately caused Plaintiff to suffer damages as set forth in Plaintiff's First Claim for Relief.

18.

56.

Defendants are jointly and severally liable to Plaintiff for all damages allowed by law for his injuries including pain and suffering, public humiliation, loss of employment, and emotional distress resulting from the loss of Plaintiff's freedom.

## PLAINTIFF'S EIGHTH CLAIM FOR RELIEF
## Punitive Damages and Expenses of Litigation

57.

The individual Defendants conduct in unlawfully arresting Plaintiff, and then unlawfully detaining Plaintiff, causing Plaintiff physical injury and emotional distress in the loss of Plaintiff's freedom, evidences a willful, wanton, and reckless disregard for Plaintiff's constitutional and common law rights.

58.

The individual Defendants are liable to Plaintiff for punitive damages as a result of their willful and wanton misconduct, or the entire want of care.

59.

Pursuant to 42 U.S.C. § 1988 and state law, Plaintiff is further entitled to an award of reasonable attorney's fees and expenses of this litigation.

**WHEREFORE,** Plaintiff demands the following relief:

1. That Defendants be served with a copy of this Complaint and a summons as provided by law;

2. That Plaintiff recover damages for the deprivation of his civil rights and liberties in an amount to be determined by the enlightened conscience of a fair and impartial jury;

3. That Plaintiff recover damages for his physical and emotional pain and suffering in an amount to be determined by the enlightened conscience of a fair and impartial jury;

4. That Plaintiff recover damages for any loss of income and job opportunity caused by Defendants' wrongful conduct;

5.  That Plaintiff be awarded punitive damages against the individual Defendants in such an amount as the jury, in its enlightened conscience, determines to be appropriate to punish these Defendants or to deter them from repeating their wrongful acts;

6. That Plaintiff recover reasonable attorney's fees and costs of litigation as allowed under 42 U.S.C. § 1988 and state law;

7.  That Plaintiff receive any further relief that may be just, proper, and equitable under the circumstances; and

8.    That Plaintiff be granted a trial by jury, which Plaintiff herewith demands.

**DATED** this day, the 7th day of August, 2013.

Respectfully submitted,


s/ James L. Ford, Sr.
James L. Ford, Sr.
Georgia Bar No.: 26850
*Attorney for Plaintiff*


JAMES LEE FORD, P.C.
A Professional Corporation
6111 Peachtree Dunwoody Road
Building G, Suite 100
Atlanta, GA 30328
jlf@jlfordlaw.com
Telephone: (678) 281-8750
Facsimile: (678) 281-8755

## CERTIFICATE OF SERVICE

I hereby certify that I have this date electronically filed the within and foregoing COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS AND PERSONAL INJURY by the CM/ECF online filing system with U.S. District Court for the Middle District of Georgia and that I took steps to commence the process of serving Defendants a copy of the foregoing complaint by mail through waiver of service provisions of Fed. R. Civ. P. 4(d) to:

Wilcox County Chief Executive Officer
103 North Broad Street
Abbeville, Georgia 31001

Michael Corey Ramirez
Wilcox County Sheriff Department
126 Main Street
East Abbeville, Georgia 31001

William Ryder
Wilcox County Sheriff Department
126 Main Street
East Abbeville, Georgia 31001

City of Rochelle
Mayor James Rhodes
410 Stephens Street
Rochelle, Georgia 31079

Defendant Cody Beecher
City of Rochelle Police Department
410 Stephens Street
P.O. Box 156

22.

Rochelle, Georgia 31079
Michael McDuffie
City of Rochelle Police Department
410 Stephens Street
P.O. Box 156
Rochelle, Georgia 31079