IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| GORDON S. HARPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:13-CV-282 (MTT) |
| ) | |
| WILCOX COUNTY, GEORGIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

This matter is before the Court on the Plaintiff's motions for attorney's fees and default judgment (Docs. 12, 16) and Defendants City of Rochelle, Georgia, Cody Beecher, and William Ryder's (the "Defaulting Defendants") motion to set aside default (Doc. 14). The Plaintiff filed this action on August 7, 2013 and mailed a copy of the complaint and waiver of service forms to each Defendant on August 13. The Plaintiff's counsel, James Lee Ford, received responses on behalf of Defendants Wilcox County, Georgia, Corey Ramirez, and Michael McDuffie, and those Defendants waived service and filed their answer on September 23.

Because Ford did not hear back from the Defaulting Defendants, he mailed a copy of the complaint with waiver of service forms to the City of Rochelle's attorney, Toni Sawyer, on October 13 and requested that she waive service on behalf of the Defaulting Defendants or forward the waivers to them. Having received no response to his October 13 letter, Ford called Sawyer on October 18 regarding the waivers. Sawyer stated she had not received the letter and waiver forms, so Ford mailed her another

copy of the complaint with additional forms on the same day.  Sawyer did not respond to Ford's final request to waive service, but she did write to Ford on October 22 to inform him that none of the Defaulting Defendants had any involvement in the Plaintiff's case. On November 17, Sawyer advised Ford, "[I]t would be a waste of your client's money to file suit against the City of Rochelle, Georgia, as I have already advised you that the City was NOT involved in any manner, whatsoever[.]"  (Doc. 14-1 at 5).

On November 18, Ford had the Defaulting Defendants personally served by a private process server.  None of these Defendants filed a responsive pleading to the Plaintiff's complaint, and the Plaintiff obtained an entry of default against them.  The Plaintiff has now moved for an award of attorney's fees and costs regarding the Defaulting Defendants' failure to waive service and for a default judgment.  The Defaulting Defendants have responded by moving to set aside the entry of default and opposing the Plaintiff's motion for costs and attorney's fees.

Because a default judgment has not yet been entered in this case, "[t]he [C]ourt may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).  "[T]here is no 'precise formula' for determining whether good cause exists." *Reddish v. City of Albany*, 2013 WL 1901324, at *2 (M.D. Ga.) (quoting *Hinson v. Webster Indus.*, 240 F.R.D. 687, 690 (M.D. Ala. 2007)).  Instead, courts rely on the following nonexclusive factors to determine whether to set aside a default: "(1) whether the default was culpable or willful[,] which entails an assessment of the plausibility of the defaulting party's excuse; (2) whether setting [the default] aside would prejudice the adversary[;] (3) whether the defaulting party presents a meritorious defense[;] and (4) whether the defaulting party acted promptly to correct the default." *Id.* (internal quotation marks omitted) (quoting

Hinson, 240 F.R.D. at 690). The entry of a default judgment is within the discretion of the Court, but judgments by default are not generally favored. *Holiday Hospitality Franchising, LLC v. Premier NW Inv. Hotels, LLC*, 2013 WL 2319065, at *1 (N.D. Ga.) (citations omitted).

The Defaulting Defendants assert they failed to answer the Plaintiff's complaint because they believed they had been properly served upon receipt of the complaint and that an answer had already been filed on their behalf. The correspondence between Ford and Sawyer regarding the multiple attempts to waive service belies the Defaulting Defendants' contention. However, they did act promptly to correct the default by filing their motion ten days after the entry of default. The Defaulting Defendants have also presented a meritorious defense that they had no involvement in the events forming the basis of the Plaintiff's complaint. The Plaintiff makes no showing as to whether the Defaulting Defendants have alleged a meritorious defense or whether he would suffer prejudice if the default were set aside. The Defaulting Defendants have met their burden of showing good cause exists to set the default aside. Accordingly, their motion to set aside default is **GRANTED**, and the Plaintiff's motion for default judgment is **DENIED**.

Regarding the Plaintiff's motion for attorney's fees and costs of effecting service, the Defaulting Defendants argue that any costs the Plaintiff incurred were his own fault because the multiple requests for waiver of service did not meet the requirements of Fed. R. Civ. P. 4(d)(1). The Defaulting Defendants also argue that the Plaintiff was inappropriately attempting to serve Sawyer because of her status as their attorney, and she did not have authority to accept service on their behalf.

Contrary to the Defaulting Defendants' argument, the Plaintiff was not attempting to serve Sawyer on their behalf. He was attempting to have Sawyer communicate with her clients to request that they waive service. Further, Ford testified he complied with Rule 4(d)(1) in his attempts to get waiver of service. Nowhere in the correspondence regarding Ford's requests to waive service did Sawyer ever state that his requests were insufficient under Rule 4(d)(1), nor did Sawyer provide a response to Ford's final request to waive service. To the extent the Defaulting Defendants failed to respond to the requests because they believed they were not appropriate parties to this action, that is not a justifiable excuse. Because the Defaulting Defendants would not waive service, the Plaintiff incurred $434.40 in service fees and $1,505.00 in attorney's fees associated with preparation of his motion.

"An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." Fed. R. Civ. P. 4(d)(1). If a plaintiff does request waiver of service, the plaintiff must "give the defendant a reasonable time of at least 30 days after the request was sent ... to return the waiver[.]" *Id*.

Here, the Plaintiff's counsel waited 30 days after mailing the final waiver of service forms to Sawyer to have the Defaulting Defendants personally served. Because the Defaulting Defendants failed without good cause to waive service, the Court is authorized to impose upon them "the expenses later incurred in making service[,]" along with "the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2).

-5-

Accordingly, the Plaintiff's motion for attorney's fees and costs is **GRANTED**, and the Court **ORDERS** that Defendants City of Rochelle, Georgia, Cody Beecher, and William Ryder shall pay the Plaintiff for his attorney's fees and costs in having to bring this Motion in the amount of $1,939.40 and that payment shall be made to the Plaintiff within **30 days** of the entry of this Order.

**SO ORDERED**, this the 10th day of March, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT